

● ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
NOV 2 0 2008
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORA PRIOLEAU, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3-08CV2073-O |
| | § | |
| BANK OF AMERICA, N.A. | § | |
| Defendant. | § | **Jury Trial Demanded** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Now comes ORA PRIOLEAU ("Prioleau" or "Plaintiff") complaining of BANK OF AMERICA, N.A. ("BOA" or "Defendant") and in support thereof would show the Court as follows:

I.

#### Introduction

1.01    Plaintiff would show the Court that Defendant Bank of America wrongfully fired her from her job in violation of the Family and Medical Leave Act of 1993 (the "FMLA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* (the "ADA"), and under state law.

II.

#### Parties

2.01    Plaintiff Ora Prioleau is an individual residing at 1925 Concho Drive, Garland, Texas 75040. She is a citizen of the State of Texas. She may be served via the undersigned counsel for purposes of this litigation.

2.02    Plaintiff is informed and believes that Defendant Bank of America, N.A. may be

served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

III.

**Jurisdiction and Venue**

3.01 Plaintiff would show the Court that Bank of America wrongfully fired her from her job in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq* (the "FMLA") and under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*, (the ADA").

3.02 Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. §1391.

IV.

**Factual Allegations**

4.01 Plaintiff was hired by Bank of America in 2001. She worked at Bank of America for over six (6) years until she was terminated from her position on June 17, 2008. At the time of her termination, Plaintiff was working in the online banking assistance department, assigned to e-mails, with her office being located at 225 E. John Carpenter Freeway, 6th Floor, Irving, TX 75062.

4.02 Plaintiff suffers from the serious health condition known as Meniere's Disease. Classic Meniere's Disease manifests with four (4) symptoms: (1) episodic, fluctuating hearing loss; (2) episodic, fluctuating rotational vertigo; (3) episodic, fluctuating tinnitus; and (4) episodic, fluctuating aural fullness. Meniere's Disease is incurable and progressive, but it is not fatal, and there is no certain prognosis for any given patient. As a result of her Meniere's Disease, Plaintiff would fall ill several times per year, requiring her to take sick leave and spend time off from work.

Plaintiff applied for and received FMLA approval for time off for her condition of Meniere's Disease. Plaintiff had made her condition of Meniere's Disease known to the Bank of America's HR Department.

4.03   On July 3, 2007, Plaintiff experienced a very severe Meniere's attack while driving home from work and was unable to make it home alone. She experienced 48 hours of very violent spinning, throwing up, tinnitus and complete loss of hearing in her right ear. This attack resulted in a 3-day stay in the hospital and 5 days off from work.

4.04   On July 12, 2007, Plaintiff sent an e-mail to the Executive Director, Andrew Wingert, requesting a transfer to another team because her manager, Derion Trimble, and team lead, LaTravia Hayes, refused to accommodate her during the onset of a Meniere's attack on June 25, 2007. The Plaintiff was told to assess the situation and do whatever she thought was best.

4.05   In September of 2007, the Plaintiff was transferred to Decina Garrick's team. She was assigned to e-mail only. She had requested to be assigned to the e-mail only team due to the significant loss of hearing in her right ear caused by her serious medical condition.

4.06   On October 10, 2007, Plaintiff's manager, Decina Garrick, and Ms. Garrick's manager, Linda Jobert, called Plaintiff in for a conference. The Plaintiff was given one week within which to get a statement from her doctor addressing three questions. The questions were as follows:

        a.   What are you limitations as far as being on the phone?

        b.   How long will the limitations last?

        c.   What is the prognosis as far as being on the phone as a career?

This created a great deal of stress and uncertainty for the Plaintiff regarding her job status, and she began to experience more frequent and more severe attacks of Meniere's. Meniere's symptoms can

be exacerbated by stress.

4.07    From October 11, 2007 to October 23, 2008, the Plaintiff suffered from five (5) attacks of Meniere's. Plaintiff did, however, provide a medical evaluation of her condition from her doctor dated October 15, 2007. Her doctor's evaluation noted that if she had to be on the phone much, she would need a quiet office environment to be able to hear, and to be effective at her job, and that such restrictions were permanent. Plaintiff returned to work on October 24, 2007, only to have to leave for a doctor's appointment. When leaving the doctor's office, the Plaintiff suffered another attack and was unable to return to work.

4.08    Plaintiff continued under FMLA until short term disability was implemented due to the frequency and severity of the attacks.

4.09    On February 2, 2008, the Plaintiff had surgery in an attempt to alleviate the attacks. Following this surgery, the attacks have lessened in frequency and severity but have not ceased entirely.

4.10    When Plaintiff returned to work on March 13, 2008, following the surgery, Plaintiff told her supervisor, Ms. Garrick, that she had occasional "brainfog" and that her balance was not under control. Plaintiff told Ms. Garrick that she also still had the loud ringing in her right ear and had a significant amount of hearing loss.

4.11    When Plaintiff returned to work on March 13, 2008, she was assigned to Small Business Training from March 19, 2008 through April 2008. Plaintiff applied for intermittent FMLA protection in the event she had any further attacks.

4.12    On April 22, 2008 there was a departmental meeting held to discuss the focus on the directions the department was taking. The primary focus was to reduce shrinkage.

4.13   On April 24, 2008, Decina Garrick called a team meeting. Ms. Garrick announced that those who were taking off work or not adhering to the schedule, for whatever the reason, would be removed from her team by any means necessary.

4.14   Things seemed to be improving for the Plaintiff in that her adherence was above average, and the attacks of Meniere's were frequent, but mild, and did not require the Plaintiff to take off. Decina Garrick was giving the Plaintiff daily incentives and the Plaintiff received a World Class Incentive on her paycheck.

4.15   On May 5, 2008, the Plaintiff's profile was removed from the system and no one was able to offer her an explanation at the time. The Plaintiff experienced what she believed were verbal attacks and insults for no apparent reason, and her manager stopped the incentives.

4.16   On June 4, 2008, the Plaintiff received a letter approving her FMLA application for a period of one year, as needed, and it is believed Ms. Garrick was sent a copy of that letter. The letter approved Plaintiff for intermittent FMLA leave on an "as needed" basis for the period from 4/18/2008 through 4/17/2009 at one point in the letter, and effective 5/27/2008 through 5/27/2009 in another part of the letter. No notice was given to Plaintiff regarding how many hours of FMLA leave she had remaining at that point, so Defendant is estopped to deny she had any available leave time. 29 C.F.R. § 825.110; *Morgan v. Neiman-Marcus Group, Inc.*, 2005 U.S. Dist. LEXIS 34541 (N.D. Tex. Dec. 20, 2005)(fact issues on estoppel prevented summary judgment for either party) Plaintiff received approval of FMLA for a period of one year, as needed. Plaintiff exercised her intermittent FMLA leave rights as follows in reliance on representations she had available FMLA leave:

    5/27/08           2 Hours

| | |
|---|---|
| 6/3/08 | 8 Hours |
| 6/9/08 | 8 Hours. |

4.17   On June 17, 2008, the Plaintiff was terminated without warning or reason.

4.18   Plaintiff asserts that she was discharged for exercise of her rights under the FMLA and ADA.

V.

**First Count**

**Family and Medical Leave Act Discrimination**

5.01   The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

5.02   Plaintiff was an eligible employee under the FMLA. Plaintiff had worked for Defendant for at least twelve (12) months, and had worked at least 1,250 hours during the twelve (12) months prior to taking the leave.

5.03   Defendant was subject to the provisions of the FMLA. Defendant employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site for twenty (20) or more work weeks in the prior or current calendar year.

5.04   At the time of the discharge, Plaintiff suffered from a "serious health condition" as defined by the FMLA. 29 U.S.C. § 2611(11). In particular, Plaintiff was suffering from Meniere's Disease as diagnosed by her physician. Plaintiff was under the continuing care of such physician for this chronic condition.

5.05   As a result of her termination by Defendant, Plaintiff has suffered significant financial loss, and the loss of benefits of her employment, including health insurance for herself.

5.06    The aforementioned acts were and are a willful violation of the FMLA, and entitle Plaintiff to recover damages as provided by 29 U.S.C. § 2617, including liquidated damages. Plaintiff further seeks reinstatement to her position or a comparable position with reinstatement of benefits and seniority time.

5.07    As a result of Defendant's actions, Plaintiff has found it necessary to hire the services of the undersigned attorneys, for which Plaintiff seeks further relief.

## VI.

## Count Two

## Disability Discrimination

### (Contingent on Right to Sue Letter)

6.01    Plaintiff incorporates the foregoing paragraphs as though set forth verbatim herein.

6.02    Plaintiff has filed a charge of discrimination with the EEOC. This claim will mature when the EEOC issues its right to sue letter.

6.03    Plaintiff suffers from a disability under the statutory definition provided in the ADA because Plaintiff had an actual impairment, a record of an impairment, and was regarded as having an impairment by Defendant. Plaintiff had a record of an impairment because she took time off from work for treatment of her diagnosed health condition. Plaintiff actually had or was regarded as having a disability that substantially limited one or more major life functions, including her hearing, balance, and ability to work, when she disclosed to her boss that she needed the time off in connection with medical treatment and to recover from her bouts of Meniere's. She also engaged in protected activity by requesting reasonable accommodations under the ADA.

6.04    Plaintiff was and is a qualified individual for the job in question. With reasonable

accommodations of time off to recover from attacks of Meniere's, assignment to e-mail responses, and a quiet room to the extent she was asked to respond to phone inquiries, Plaintiff can perform the essential functions of her job.

6.05 An adverse employment action was taken against Plaintiff on account of her disability.

6.06 Plaintiff was treated less favorably than non-disabled employees.

6.07 Defendant violated the ADA by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's record of actual or perceived disability.

6.08 Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally-protected rights. Plaintiff is therefore also entitled to recover punitive damages.

6.09 Plaintiff is entitled to an award of attorneys' fees and costs under the ADA.

VII.

**Jury Trial Demanded**

7.01 Plaintiff hereby demands trial by jury of all claims to which she is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant.

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity and past and future medical expenses;

(2) Judgment for past and future damage to reputation, as allowed by law;

(3) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(4) Damages for past and future mental anguish and emotional distress and physical distress;

(5) Exemplary damages in an amount to be determined by the trier of fact;

(6) An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(7) An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which she was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

(8) Prejudgment and Postjudgment interest at the maximum legal rate;

(9) Attorneys' fees;

(10) Experts fees;

(11) All costs of court; and

(12) Such other and further relief to which Plaintiff may be justly entitled.

DATE: *November 20, 2008*

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: _____

THEODORE C. ANDERSON
State Bar No. 01215700
JOHN H. CROUCH, IV
State Bar No. 00783906

3109 Carlisle, Suite 200
Dallas, TX 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

ATTORNEYS FOR PLAINTIFF
ORA PRIOLEAU

**Plaintiff's Original Complaint**
97052.1

Page 10

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**ORIGINAL**

## I. (a) PLAINTIFFS
Ora Prioleau,

## DEFENDANTS
Bank of America, N.A.

**(b)** County of Residence of First Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John C. Crouch, IV
Kilgore Law Center
3109 Carlisle
Dallas, Texas 75204 (214) 969-9099

Attorneys (If Known)

**RECEIVED NOV 20 2008 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS**

**3-08CV2073-0**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | 4 | x 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ss 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee XDetermination Under Equal Access to Justice |
| ☐ 220 Foreclosure | xx 442 Employment | | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☒ 240 Torts to Land | | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Family and Medical Leave Act of 1993; Fair Labor Standards Act of 1938, as amended.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND
CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____